Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and Putative Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM NISMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br>v.<br><br>WILSHIRE LAW FIRM, P.L.C.,<br><br>*Defendant.* | Case No.<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Adam Nisman ("Plaintiff"), by his undersigned counsel, for this class action complaint against Wilshire Law Firm, P.L.C. ("Defendant") and their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, allege as follows:

## I. INTRODUCTION

1. Nature of Action: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain

for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Defendant Wilshire to generate leads for its law firm using illegal prerecorded robocalls in alleged violation of the TCPA.

3. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

4. Plaintiff is an individual residing in this District in Santa Clara County.

5. Defendant Wilshire Law Firm, P.L.C. is a corporation headquartered in Los Angeles, Los Angeles County, California.

## III. JURISDICTION AND VENUE

6. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a

federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

7. Personal Jurisdiction and Venue: This Court has personal jurisdiction over Defendant Wilshire and venue is proper in this District because Plaintiff resides in this District, the calls were sent into this District and therefore, a substantial portion of the events giving rise to this complaint occurred in this District.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The Ninth Circuit has also made clear that robocalls may only be made "with the prior express consent of the person being called." *Loyhayem v. Fraser Fin. & Ins. Servs., Inc.*, 7 F.4th 1232, 1234–35 (9th Cir. 2021).

**B. Defendant's Unsolicited Pre-Recorded Telemarketing to Plaintiff**

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff's cellular telephone number is (650) 740-XXXX.

15. In early May 2026, Plaintiff contacted the Defendant's law firm.

16. However, the Plaintiff did not provide his name or telephone number to Defendant during this call or agree to receive any calls or robocalls from the Defendant's law firm.

17. Subsequent to his call to the Defendant, Plaintiff then received two text messages from Defendant on May 8, 2026, along with a call.

18. On May 9, 2026, Plaintiff received another text message from Defendant.

19. Plaintiff sent two text message replies to Defendant requesting Defendant stop contacting him.

20. Screenshots of the text messages are provided below:






21. On May 9, 2026, Plaintiff replied to Defendant's text messages with "STOP," clearly communicating that he did not wish to receive communications from Defendant.

22. Despite Plaintiff's stop request, Defendant continued placing calls to Plaintiff's cellular telephone number.

23. On May 9, 2026, after Plaintiff transmitted his stop request, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately

12:57 p.m., 3:57 p.m., and 6:58 p.m.

24. On May 10, 2026, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 8:11 a.m., 12:12 p.m., and 12:30 p.m.

25. On May 12, 2026, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 8:16 a.m., 11:17 a.m., and 5:54 p.m.

26. On May 13, 2026, Defendant placed two additional calls to Plaintiff's cellular telephone number at approximately 3:08 p.m. and 6:10 p.m.

27. On May 14, 2026, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 8:41 a.m., 11:43 a.m., and 8:25 p.m.

28. Defendant continued contacting Plaintiff thereafter, placing additional calls on May 17, 2026, May 24, 2026, May 28, 2026, and June 1, 2026.

29. The calls included the use of pre-recorded messages.

30. On May 12, 2026, Plaintiff answered a call from Defendant and heard a voice identifying itself as "Sophie from Wilshire Law Firm."

31. At the outset of the call, the voice stated: "Hi, this is Sophie from Wilshire Law Firm on a recorded line. I am calling about your recent interest in our services regarding a personal injury case. Do you have a moment to speak?"

32. The call followed a scripted format in which the voice immediately attempted to qualify Plaintiff as a potential client for Defendant's legal services.

33. Specifically, after Plaintiff answered affirmatively that he had a

moment to speak and confirmed his identity, the voice proceeded through a series of predetermined intake questions, including asking whether Plaintiff was dealing with an automobile accident injury and requesting additional information regarding the incident.

34. Based upon Plaintiff's observations during the call, the voice sounded artificial and computer-generated rather than human.

35. Plaintiff further observed noticeable pauses and delays following his responses that were inconsistent with a normal conversation between two live human beings and instead were consistent with an artificial intelligence or prerecorded calling system.

36. The timing and cadence of the responses suggested that the system was programmed to deliver scripted prompts based upon keywords or responses provided by Plaintiff rather than engage in natural human conversation.

37. Plaintiff therefore believes, and on that basis alleges, that Defendant used an artificial voice, prerecorded voice, or similar automated technology when placing calls to Plaintiff.

38. In total, Defendant placed approximately seventeen additional calls to Plaintiff after Plaintiff expressly requested that Defendant stop contacting him.

39. This is in addition to the fact that the Plaintiff had never consented to receive robocalls from the Defendant in the first place.

40. The purpose of Defendant's calls was to solicit Plaintiff to retain Defendant's law firm for legal representation.

41. The calls were made for the purpose of encouraging Plaintiff to retain Defendant's legal services and therefore constituted telemarketing.

42. Plaintiff's privacy has been violated by the above-described telemarketing calls.

43. Plaintiff did not consent to receive prerecorded telemarketing calls from Defendant.

44. Any consent that may have arisen from Plaintiff's inquiry was revoked no later than May 9, 2026, when Plaintiff transmitted "STOP" messages in response to Defendant's texts.

45. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V. CLASS ACTION ALLEGATIONS

46. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of the Class (the "Class") defined as follows:

> **<u>Robocall Class:</u>** All persons within the United States: (1) to whose cellular telephone number (2) Wilshire placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

47. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. The Class, as defined above, is identifiable through telephone records and telephone number databases.

49. The potential members of the Class likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

50. Individual joinder of these persons is impracticable.

51. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

52. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

53. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance,

waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

54. This class action complaint seeks injunctive relief and money damages.

55. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a. whether Defendant made pre-recorded telemarketing calls;

b. whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls; and

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

56. Plaintiff's claims are typical of the claims of the Class.

57. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

60. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**<u>FIRST CAUSE OF ACTION</u>**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(b)(3)**
**(On Behalf of Plaintiff and the Robocall Class)**

61. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of the Defendant, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

63. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

65. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C.

§ 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future;

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI. DEMAND FOR JURY

Plaintiff demand a trial by jury for all issues so triable.

DATED this 12th day of August, 2026.

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*