TROUTMAN PEPPER LOCKE LLP
Chad Fuller (SBN 190830)
chad.fuller@troutman.com
Christine E. Nowland (SBN 318900)
Christine.nowland@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: 858.509.6000
Facsimile: 858.509.6040

Attorneys for Defendant
Wilshire Law Firm, P.L.C.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ADAM NISMAN,

Plaintiff,

v.

WILSHIRE LAW FIRM, P.L.C.,

Defendant.

Case No. 5:26-CV-08346-EJD

(Assigned to Hon. Edward J. Davila)

**DEFENDANT WILSHIRE LAW FIRM, P.L.C.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

FAC Filed: October 21, 2026

Defendant Wilshire Law Firm, P.L.C. ("Wilshire") hereby answers the First Amended Complaint ("FAC" or "Complaint") of Adam Nisman ("Plaintiff"). Wilshire's responses are made without waiving, and expressly reserving, all rights and defenses Wilshire has to some, or all, of the claims asserted in the First Amended Complaint. Except as expressly admitted herein, each and every allegation in the First Amended Complaint is denied, including any and all allegations contained in the headings and/or unnumbered paragraphs in the First Amended Complaint.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

## I. INTRODUCTION

1. Nature of Action: As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

**ANSWER:** The allegations of Paragraph 1 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 1 are contrary to law, they are denied.

2. This case involves a campaign by Defendant Wilshire to generate leads for its law firm using illegal prerecorded robocalls in alleged violation of the TCPA.

**ANSWER:** Wilshire denies the allegations of Paragraph 2.

3. Because telemarketing campaigns generally place calls to thousands or even millions of potential customers en masse, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

**ANSWER:** Wilshire denies that any person "received illegal telemarketing calls from or on behalf of" Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and on that basis denies the same.

## II. PARTIES

4. Plaintiff is an individual residing in this District in Santa Clara County.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4, and on that basis denies the same.

5. Defendant Wilshire Law Firm, P.L.C. is a corporation headquartered in Los Angeles, Los Angeles County, California.

**ANSWER:** Wilshire admits the allegations in Paragraph 5.

## III. JURISDICTION AND VENUE

6. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

**ANSWER:** The allegations of Paragraph 6 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 6 are contrary to law, they are denied.

7. Personal Jurisdiction and Venue: This Court has personal jurisdiction over Defendant Wilshire and venue is proper in this District because Plaintiff resides in this District, the calls were sent into this District and therefore, a substantial portion of the events giving rise to this complaint occurred in this District.

**ANSWER:** The allegations of Paragraph 7 contain legal conclusions and/or statements of law that do not require a response. To the extent a response is required, Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 7 regarding Plaintiff's residence and the location to which any calls were directed, and on that basis denies the same.

## IV. FACTS

### A. The Enactment of the TCPA and its Regulations

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:** The allegations of Paragraph 8 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 8 are contrary to law, they are denied.

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** The allegations of Paragraph 9 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 9 are contrary to law, they are denied.

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations of Paragraph 10 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 10 are contrary to law, they are denied.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

**ANSWER:** The allegations of Paragraph 11 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 11 are contrary to law, they are denied.

12. The Ninth Circuit has also made clear that robocalls may only be made "with the prior express consent of the person being called." *Loyhayem v. Fraser Fin. & Ins. Servs., Inc.*, 7 F.4th 1232, 1234-35 (9th Cir. 2021).

**ANSWER:** The allegations of Paragraph 12 contain legal conclusions and/or statements of law that do not require a response. To the extent the allegations in Paragraph 12 are contrary to law, they are denied.

**B. Defendant's Unsolicited Pre-Recorded Telemarketing to Plaintiff**

13. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 13, and on that basis denies the same.

14. Plaintiff's cellular telephone number is (650) 740-XXXX.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 14, and on that basis denies the same.

15. In early May 2026, Plaintiff contacted the Defendant's law firm.

**ANSWER:** Wilshire admits that Plaintiff contacted Wilshire in or around early May 2026 to inquire about Wilshire's legal services.

16. However, the Plaintiff did not provide his name or telephone number to Defendant during this call or agree to receive any calls or robocalls from the Defendant's law firm.

**ANSWER:** Wilshire denies the allegations of Paragraph 16.

17. Subsequent to his call to the Defendant, Plaintiff then received two text messages from Defendant on May 8, 2026, along with a call.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17, and on that basis denies the same.

18. On May 9, 2026, Plaintiff received another text message from Defendant.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and on that basis denies the same.

19. Plaintiff sent two text message replies to Defendant requesting Defendant stop contacting him.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 19, and on that basis denies the same.

20. Screenshots of the text messages are provided below: [Screenshots omitted]

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

the remaining allegations in Paragraph 20, and on that basis denies the same.

21. On May 9, 2026, Plaintiff replied to Defendant's text messages with "STOP," clearly communicating that he did not wish to receive communications from Defendant.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis denies the same.

22. Despite Plaintiff's stop request, Defendant continued placing calls to Plaintiff's cellular telephone number.

**ANSWER:** Wilshire denies the allegation it placed calls to Plaintiff's cellular telephone number without Plaintiff's consent. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22, and on that basis denies the same.

23. On May 9, 2026, after Plaintiff transmitted his stop request, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 12:57 p.m., 3:57 p.m., and 6:58 p.m.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23, and on that basis denies the same.

24. On May 10, 2026, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 8:11 a.m., 12:12 p.m., and 12:30 p.m.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and on that basis denies the same.

25. On May 12, 2026, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 8:16 a.m., 11:17 a.m., and 5:54 p.m.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, and on that basis denies the same.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

26. On May 13, 2026, Defendant placed two additional calls to Plaintiff's cellular telephone number at approximately 3:08 p.m. and 6:10 p.m.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and on that basis denies the same.

27. On May 14, 2026, Defendant placed three additional calls to Plaintiff's cellular telephone number at approximately 8:41 a.m., 11:43 a.m., and 8:25 p.m.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and on that basis denies the same.

28. Defendant continued contacting Plaintiff thereafter, placing additional calls on May 17, 2026, May 24, 2026, May 28, 2026, and June 1, 2026.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and on that basis denies the same.

29. The calls included the use of pre-recorded messages.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 29, and on that basis denies the same.

30. On May 12, 2026, Plaintiff answered a call from Defendant and heard a voice identifying itself as "Sophie from Wilshire Law Firm."

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30, and on that basis denies the same.

31. At the outset of the call, the voice stated: "Hi, this is Sophie from Wilshire Law Firm on a recorded line. I am calling about your recent interest in our services regarding a personal injury case. Do you have a moment to speak?"

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31, and on that basis denies the same.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

32. The call followed a scripted format in which the voice immediately attempted to qualify Plaintiff as a potential client for Defendant's legal services.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 32, and on that basis denies the same.

33. Specifically, after Plaintiff answered affirmatively that he had a moment to speak and confirmed his identity, the voice proceeded through a series of predetermined intake questions, including asking whether Plaintiff was dealing with an automobile accident injury and requesting additional information regarding the incident.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that basis denies the same.

34. Based upon Plaintiff's observations during the call, the voice sounded artificial and computer-generated rather than human.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 34, and on that basis denies the same.

35. Plaintiff further observed noticeable pauses and delays following his responses that were inconsistent with a normal conversation between two live human beings and instead were consistent with an artificial intelligence or prerecorded calling system.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35, and on that basis denies the same.

36. The timing and cadence of the responses suggested that the system was programmed to deliver scripted prompts based upon keywords or responses provided by Plaintiff rather than engage in natural human conversation.

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36, and on that basis denies the same.

37. Plaintiff therefore believes, and on that basis alleges, that Defendant used an artificial voice, prerecorded voice, or similar automated technology when placing calls to Plaintiff.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

**ANSWER:** Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 37, and on that basis denies the same.

38. In total, Defendant placed approximately seventeen additional calls to Plaintiff after Plaintiff expressly requested that Defendant stop contacting him.

**ANSWER:** Wilshire denies the allegation it placed calls to Plaintiff's cellular telephone number without Plaintiff's consent. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38, and on that basis denies the same.

39. This is in addition to the fact that the Plaintiff had never consented to receive robocalls from the Defendant in the first place.

**ANSWER:** Wilshire denies the allegations of Paragraph 39.

40. The purpose of Defendant's calls was to solicit Plaintiff to retain Defendant's law firm for legal representation.

**ANSWER:** Wilshire admits it contacted Plaintiff in May 2026 in response to Plaintiff's inquiry to Wilshire. Wilshire denies the remaining allegations of Paragraph 40.

41. The calls were made for the purpose of encouraging Plaintiff to retain Defendant's legal services and therefore constituted telemarketing.

**ANSWER:** To the extent Paragraph 41 consists of legal conclusions and/or statements of law, these do not require a response. The remainder of Paragraph 41 is denied.

42. Plaintiff's privacy has been violated by the above-described telemarketing calls.

**ANSWER:** Wilshire denies the allegations of Paragraph 42.

43. Plaintiff did not consent to receive prerecorded telemarketing calls from Defendant.

**ANSWER:** Wilshire denies the allegations of Paragraph 43.

44. Any consent that may have arisen from Plaintiff's inquiry was revoked no later than May 9, 2026, when Plaintiff transmitted "STOP" messages in response to Defendant's texts.

**ANSWER:** The allegations of Paragraph 44 contain legal conclusions and/or statements of law that do not require a response. To the extent a response is required, Wilshire denies the allegations in Paragraph 44.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

45. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**ANSWER:** Wilshire denies the allegation that Plaintiff or any member of a purported "Class" was harmed by Wilshire's alleged actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 45, and on that basis denies the same.

## V. CLASS ACTION ALLEGATIONS

46. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff bring this case on behalf of the Class (the "Class") defined as follows:

> Robocall Class: All persons within the United States: (1) to whose cellular telephone number (2) Wilshire placed a call (3) within the four years prior to the filing of the Complaint (4) using a pre-recorded message.

**ANSWER:** The allegations of Paragraph 46 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire denies that the putative Robocall Class period began before February 19, 2026. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 46, and on that basis denies the same.

47. Excluded from the Class are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family. Also excluded from the class are any persons or entities whose claims against Defendant have been released as a result of settlement or otherwise.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 47, and on that basis denies the same.

48. The Class, as defined above, is identifiable through telephone records and telephone number databases.

**ANSWER:** Wilshire denies the allegations of Paragraph 48.

49. The potential members of the Class likely number at least in the hundreds because of the en masse nature of telemarketing calls.

**ANSWER:** Wilshire denies the allegations of Paragraph 49.

50. Individual joinder of these persons is impracticable.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 50, and on that basis denies the same.

51. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51, and on that basis denies the same.

52. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52, and on that basis denies the same.

53. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire denies the remaining allegations in Paragraph 53.



TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

54. This class action complaint seeks injunctive relief and money damages.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 54, or any relief whatsoever.

55. There are numerous questions of law and fact common to Plaintiff and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a. whether Defendant made pre-recorded telemarketing calls;

b. whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express consent to make the calls; and

c. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER:** The allegations of Paragraph 55 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55, and on that basis denies the same.

56. Plaintiff's claims are typical of the claims of the Class.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56, and on that basis denies the same.

57. Plaintiff's claims, like the claims of Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

**ANSWER:** Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57, and on that basis denies the same.

58. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER:** The allegations of Paragraph 58 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58, and on that basis denies the same.

59. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**ANSWER:** The allegations of Paragraph 59 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59, and on that basis denies the same.

60. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**ANSWER:** The allegations of Paragraph 60 contain legal conclusions and/or statements of law that do not require a response. Wilshire denies the existence of a "Class" of persons harmed by

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

Wilshire's actions. Wilshire lacks sufficient knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60, and on that basis denies the same.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**

**Violations of 47 U.S.C. § 227(b)(3)**

**(On Behalf of Plaintiff and the Robocall Class)**

61. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

**ANSWER:** Wilshire incorporates its responses to the preceding paragraphs of this Answer as though set forth fully herein.

62. The foregoing acts and omissions of the Defendant, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

**ANSWER:** To the extent Paragraph 62 consists of legal conclusions and/or statements of law, these do not require a response. The remainder of Paragraph 62 is denied.

63. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 63, or any relief whatsoever.

64. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

**ANSWER:** Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 64, or any relief whatsoever.



TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

65. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**ANSWER:** Wilshire denies that Plaintiff or members of a putative Class are entitled to the relief requested in Paragraph 65, or any relief whatsoever.

## WILSHIRE'S AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in Plaintiff's First Amended Complaint, Wilshire alleges the following separate Affirmative and Other Defenses based on information and belief. Wilshire reserves the right to amend its Answer to add additional Affirmative and Other Defenses consistent with the facts discovered in the case.

### FIRST DEFENSE

### FAILURE TO STATE A CLAIM

Plaintiff fails to state a claim against Wilshire upon which relief can be granted.

### SECOND DEFENSE

### STATUTE OF LIMITATIONS

The First Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

### PLAINTIFF'S RESPONSIBILITY

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any compensable damages, Plaintiff's own actions and/or omissions and/or failure to mitigate caused, contributed, or resulted in the damages of which Plaintiff complains. Recovery against Wilshire, if any, must be reduced or precluded because of Plaintiff's own actions.



TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

**<u>FOURTH DEFENSE</u>**

**ACQUIESCENCE - CONSENT**

Plaintiff's claims are barred because Plaintiff, and each member of the putative class, acquiesced or consented to the conduct about which they now complain.

**<u>FIFTH DEFENSE</u>**

**LACK OF STANDING**

The First Amended Complaint, and each purported cause of action alleged therein, is barred because Plaintiff lacks standing to state the claims alleged in the First Amended Complaint and/or to assert the legal rights or interests of others.

**<u>SIXTH DEFENSE</u>**

**NON-CERTIFIABLE CLASS**

The First Amended Complaint, and each purported cause of action alleged therein, does not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class action.

**<u>SEVENTH DEFENSE</u>**

**INADEQUACY OF CLASS REPRESENTATIVE**

Plaintiff is not a proper representative of the class he purports to represent and, accordingly, this action is not properly brought as a class action.

**<u>EIGHTH DEFENSE</u>**

**PUTATIVE MEMBERS NOT SIMILARLY SITUATED**

Plaintiff cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

**<u>NINTH DEFENSE</u>**

**OTHERS RESPONSIBLE**

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any compensable damages, those damages were proximately caused by the acts, omissions, or fault of persons or entities over which Wilshire exercised no control and for whose acts, omissions, or fault

Wilshire cannot be held liable. Recovery against Wilshire, if any, must be reduced or precluded entirely by such activities of such other parties, persons, entities, or corporations.

**TENTH DEFENSE**

**FAILURE TO MITIGATE**

Plaintiff's claims are barred to the extent Plaintiff has acted unreasonably in failing to mitigate alleged damages, if any, against Wilshire, and therefore, any such damages must be reduced or eliminated in accordance with the degree to which any such damages could have been mitigated by reasonable effort.

**ELEVENTH DEFENSE**

**JUSTIFICATION**

Plaintiff's claims are barred because Wilshire's actions were undertaken in good faith and justified by legitimate business motives, purposes, and reasons, and with the absence of malicious intent to injure Plaintiff, and constituted lawful, proper, and justified activities.

**TWELFTH DEFENSE**

**WAIVER/ESTOPPEL**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, to the extent Plaintiff and any putative class members acquiesced in, consented to, or ratified the conduct of which they complain.

**THIRTEENTH DEFENSE**

**UNCLEAN HANDS**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTEENTH DEFENSE**

**LACHES**

Plaintiff's claims are barred by the doctrine of laches.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

**FIFTEENTH DEFENSE**

**RESERVATION OF RIGHT TO AMEND**

Wilshire expressly reserves the right to amend this answer to assert additional affirmative and other defenses as more facts come to light.

**PRAYER FOR RELIEF**

WHEREFORE, Wilshire respectfully requests that the Court enter an order:

1. dismissing with prejudice the First Amended Complaint against it;
2. awarding it its costs and expenses incurred; and
3. awarding it such other and/or further relief as the Court may deem just and proper.

Dated: November 4, 2026

TROUTMAN PEPPER LOCKE LLP

By: */s/ Christine Nowland*
Chad Fuller
Christine E. Nowland
*Attorneys for Defendant*
Wilshire Law Firm, P.L.C.

TROUTMAN PEPPER LOCKE LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, a copy of the foregoing **DEFENDANT WILSHIRE LAW FIRM, P.L.C.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

*/s/ Christine Nowland*
Christine Nowland