Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM NISMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>WILSHIRE LAW FIRM, P.L.C.,<br><br>*Defendant.* | Case No. 5:26-cv-08346<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date of CMC: November 12, 2026<br>Time: 10:00 a.m.<br>Place: San Jose<br>**Judge Hon. Edward J. Davila** |

Plaintiff Nisman and Defendant Wilshire Law Firm, PLC jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

## 1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

**Plaintiff**: Plaintiff asserts that this Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). There are no issues regarding personal jurisdiction or venue.

**Defendant**: Defendant does not yet know whether Plaintiff will be able to prove Article III injury-in-fact and reserves the right to object to subject matter jurisdiction.

**2. Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

**Plaintiff**: Plaintiff alleges that Defendant makes unsolicited prerecorded calls to consumers' cellular telephone numbers without consent in violation of the TCPA, including after he explicitly told them to stop contact him.

**Defendant**: Plaintiff contacted Wilshire in or around early May 2026 to inquire about Wilshire's legal services. Wilshire obtained Plaintiff's consent to contact Plaintiff regarding his inquiry.

**3. Legal Issues**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

**Plaintiff**: This is a putative class action under the TCPA, 47 U.S.C. § 227, arising from unsolicited prerecorded calls to consumers' cellular telephone numbers without consent.

**Defendant**: Wilshire disputes that the communications at issue constitute "telephone solicitations" as defined in 47 U.S.C. 227(a)(4). Wilshire disputes that it failed to obtain Plaintiff's consent to receive the communications at issue as required by 47 U.S.C. 227(a)(5). Plaintiff cannot meet the requirements of FRCP Rule 23 and this case cannot be certified as a class action.

**4. Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

**Plaintiff:** Plaintiff anticipates moving for class certification at the appropriate time.

**Defendant**: Wilshire filed a Motion to Dismiss and/or Strike Plaintiff's Complaint on the grounds that the alleged class period overlaps with the class period in *Paul Ryan and Darla Solomon v. Wilshire Law Firm, P.L.C.*, Case No. 2025-022621-CA-01 (the "*Ryan* Matter"), in which Wilshire settled the claims of all persons who received prerecorded telemarketing calls from Wilshire between October 10, 2020 and February 18, 2026. Wilshire orally withdrew its Motion to Dismiss and/or Strike at the October 28, 2026 Status Conference after Plaintiff's counsel agreed

that the conduct alleged in the present action is the same conduct alleged in Ryan and that the class period in the present matter does not begin until February 19, 2026. Wilshire will file a motion for summary judgement in accordance with FRCP 56.

**5. <u>Amendment of Pleadings</u>**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff does not anticipate further amending the pleadings at this time. Wilshire withdrew its Motion to Dismiss and/or Strike and filed its Answer on November 4, 2026, in consideration of Plaintiff's representation that the class period alleged does not begin until February 19, 2026. The Parties agree the alleged class period begins on February 19, 2026.

**6. <u>Evidence Preservation</u>**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties certify that they have reviewed the ESI Guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues and reasonably evident in this action.

**7. <u>Disclosures</u>**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made. For ADA and employment cases, see General Order Nos. 56 and 71.*

The parties have agreed to exchange initial disclosures in the form required by Rule 26(a) by November 5, 2026.

**8. <u>Discovery</u>**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

The parties anticipate submitting the Court's uniform Protective Order. The parties do not believe, at this time, that any changes or limitations should be made on discovery imposed under the Federal Rules or Local Rules. The Parties agree the alleged class period begins on February 19, 2026.

**Plaintiff**: Plaintiff anticipates serving written discovery directed primarily towards discovering information relating to the unsolicited calls made by or on behalf of Defendant, including information relating to how and to whom the calls were made, and Defendant's defenses. This written discovery will seek information maintained by Defendant or by any agent of Defendant. Plaintiff will also seek class call records from Defendant's vendors and any other third parties involved. Plaintiff then intends to depose Defendant relating to its telemarketing practices, its relationship with any third parties involved in making the violative calls, and its defenses. Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff's and the putative class's claims.

**Defendant**: In consideration of Plaintiff's representation that the alleged class period does not begin until February 19, 2026, Wilshire will not provide call records or other data predating February 19, 2026. Wilshire does not currently anticipate any issues regarding claims of privilege or of work-product protection, but notes that Wilshire is a law firm, which could pose privilege issues down the road with potential class members.

**9. <u>Class Actions</u>**

*If a class action, a proposal for how and when the class will be certified.*

The Parties agree the alleged class period begins on February 19, 2026. The Parties propose a July 9, 2027 deadline to file a class certification motion.

**Plaintiff**: This action is being pursued as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3). This action is being brought on behalf of one putative class. On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable. Plaintiff is a member of the Class. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and

have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class. This class action is also appropriate for certification because Defendant has acted in a manner generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis.

**Defendant**: Plaintiff will not be able to establish the necessary Rule 23 elements required to certify his class.

**10. Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are no related cases or proceedings.

**11. Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks statutory damages for each violation of the TCPA. Wilshire denies that Plaintiff is entitled to damages under the TCPA or otherwise. The Parties agree neither the Plaintiff nor any putative class member is entitled to damages for any violation predating February 19, 2026.

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5. In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The Parties agree to work together in good faith to achieve settlement, if possible. The Parties will likely agree to engage in private mediation.

**Plaintiff**: Plaintiff requires call logs and information relating to Defendant's defenses to be adequately in a position to negotiate a resolution.

**Defendant**: Wilshire believes early mediation could significantly help resolve this case in the early stages and before too much time is spent in lengthy discovery.

**13. Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* ____ YES _X_ NO

**14. Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The case is not suitable for other references.

**15. Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The Parties agree to work together in an attempt to narrow by agreement the presentation of evidence at trial. The Parties agree that the alleged class period begins on February 19, 2026.

**16. Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

No.

**17. Scheduling**

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

**Plaintiff:**

- Proposed deadline for designation of experts, related to class certification: May 7, 2027
- Proposed deadline for designation of rebuttal experts, related to class certification: June 4, 2027
- Proposed cutoff for discovery related to class certification: June 25, 2027
- Proposed class certification motion deadline: July 9, 2027
- Proposed deadline to complete mediation: September 1, 2027
- Proposed deadline for designation of experts, except those related to class certification: October 1, 2027
- Proposed deadline for designation of rebuttal experts, except those related to class certification: October 29, 2027
- Proposed cutoff for all discovery: November 19, 2027
- Proposed deadline for dispositive motions: December 3, 2027
- Proposed pretrial conference: April 2028
- Proposed trial date: May 2028

**Defendant:**

- Proposed deadline for designation of experts, related to class certification: July 14, 2027
- Proposed deadline for designation of rebuttal experts, related to class certification: August 11, 2027
- Proposed cutoff for discovery related to class certification: September 1, 2027
- Proposed deadline for designation of experts, except those related to class certification: October 1, 2027
- Proposed deadline for designation of rebuttal experts, except those related to class certification: October 29, 2027
- Proposed deadline to complete mediation: November 1, 2027

- Proposed cutoff for all discovery: November 19, 2027
- Proposed deadline for class certification motion and dispositive motions: December 3, 2027
- Proposed pretrial conference: April 2028
- Proposed trial date: May 2028

**18. <u>Trial</u>**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The case will be tried by a jury. The length of trial will be greatly dependent on whether class certification is granted, but the parties anticipate that trial will take 5 days if a class is certified.

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

**Plaintiff:** Plaintiff identifies the following interested entities or persons:

- Plaintiff
- Members of the putative Class
- Defendant and any entities or persons interested therein
- Counsel for the parties

**Defendant**: Wilshire has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Wilshire restates the entities identified in its filed certification:

- Plaintiff Adam Nisman
- Defendant Wilshire Law Firm, P.L.C.

Wilshire additionally identifies CNA Financial Corporation, Wilshire's liability insurance carrier.

**20. Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties agree to service by email of all discovery and other materials not required to be electronically filed via cm/ecf and that service shall be made to the following email addresses:

**Plaintiff**: rachel@kaufmanpa.com; kaufman@kaufmanpa.com.

**Defendant**: chad.fuller@troutman.com, virginia.flynn@troutman.com, Christine.nowland@troutman.com, Leticia.cardoso@troutman.com.

Respectfully submitted,

DATED this 5th day of November, 2026.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Class*

Troutman Pepper Locke LLP

By: */s/ Christine Nowland*
Chad Fuller
Christine E. Nowland
*Attorneys for Defendant*
Wilshire Law Firm, P.L.C.

## ECF ATTESTATION

I, Rachel E. Kaufman, attest that concurrence in this filing has been obtained from the signatories above.

Dated: November 5, 2026 By: *s/ Rachel E. Kaufman*

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

| | |
|---|---|
| Dated: | |
| | UNITED STATES DISTRICT JUDGE |